### In the Matter of Russel NESWICK.

### No. 98S00–9709–DI–494.

Supreme Court of Indiana.

Nov. 12, 1999.

### ORDER IMPOSING RECIPROCAL DISCIPLINE AND SUSPENDING RESPONDENT

The Indiana Supreme Court Disciplinary Commission has petitioned this Court for imposition of identical reciprocal discipline on the respondent, Russel Neswick, pursuant to Ind.Admission and Discipline Rule 23(11.1)(a)(2).

We find that the respondent, who was admitted to practice law in Indiana in 1980 and in Illinois in 1951, sought to resign from the Illinois bar in 1997. Underlying his resignation were disciplinary charges arising from his representation of a mentally disabled client in Illinois. The Supreme Court of Illinois accepted his resignation and on May 30, 1997, struck his name from the roll of attorneys licensed to practice law in Illinois. As a part of that Illinois proceeding, the respondent admitted under oath that he took more than $48,000 from the client, drafted the client's will in which he and his brother were the sole beneficiaries and executors, and executed a power of attorney which authorized him to make all financial decisions on the client's behalf. The respondent also admitted that he caused stock owned by the client to be transferred to the client and him as joint tenants. Further, the respondent admitted taking physical possession of the client's two certificates of deposit totaling $156,474.73.

As a result of the acceptance of the respondent's resignation in Illinois, the Commission filed its *Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause.* In response, this Court issued an order for the respondent to show cause as to why reciprocal discipline should not be entered in Indiana. The respondent did not respond. The Court suspended the respondent in February 1998 upon receiving notice of his conviction in the United States District Court for the Northern District of Indiana for falsifying a Social Security application for his children. The commission's request for reciprocal discipline is now before this Court for final resolution.

We now find that identical reciprocal discipline should be imposed in this state. Under Illinois court rule in effect on the date of the respondent's resignation from the bar of Illinois, the respondent would be eligible to reapply for admission three

years from the date of that resignation. Illinois Supreme Court Rule 767(a). Therefore, the Court views a three-year suspension without automatic reinstatement as the disciplinary equivalent in Indiana of the Illinois sanction.

IT IS, THEREFORE, ORDERED that the respondent, Russel Neswick, be suspended from the practice of law in Indiana for a period of not less than three years, effective immediately. At the conclusion of that period, he may petition this Court for readmission to the Bar of this State, provided he can satisfy the conditions set forth in Admis.Disc.R. 23 and establish that he has been readmitted to the practice of law in Illinois.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

All Justices concur.